IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JEFFREY M. MOOGALIAN,

      Plaintiff,

v.                                  Civil Case No.  3:13cv706

HONEYWELL INTERNATIONAL, INC.,

      Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on the defendant's motion for judgment on the pleadings. (Dk. No. 20.)  Federal law preempts the plaintiff's claim, which is subsequently barred the applicable statute of limitations.  The Court GRANTS the defendant's motion.

## I.  Statement of Material Facts

The plaintiff, Jeffrey Moogalian, worked for the defendant, Honeywell International, Inc., as an employee subject to the terms of a Collective Bargaining Agreement between Honeywell and Moogalian's union.  On November 23, 2010, Moogalian entered into a Last Chance Agreement (the "LCA") with Honeywell and the union, which provided that: 1) should Moogalian violate the terms of the LCA, Honeywell could summarily fire him, and 2) the union would not defend Moogalian.  On August 24, 2012, Honeywell discharged Moogalian for violations of the LCA.  Moogalian's union refused to defend him.  Moogalian filed the instant action, alleging a breach of contract (the LCA) claim, against Honeywell on August 23, 2013.

## II.  Standard of Review

The standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as the standard used in a Rule 12(b)(6) motion for failure to state a claim.  *See Independence*

*News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009); *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002).   As such, a Rule 12(c) motion tests the sufficiency of a complaint; it does not resolve contests surrounding the facts of the case, the merits of a claim, or the applicability of any defense.   *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).   In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff.   *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001).   To survive a motion for judgment on the pleadings, a complaint must contain sufficient factual matter which, accepted as true, "state[s] a claim to relief that is plausible on its face."   *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III. Analysis

Moogalian's claim, which requires the interpretation of a rider agreement to his CBA, is preempted by the Labor Management Relations Act (LMRA).   The Fourth Circuit applies a six-month statute of limitations to LMRA claims, effectively time-barring Moogalian's lawsuit.

### A. Preemption

Section 301 of the Labor Management Relations Act stipulates that lawsuits "for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."   29 U.S.C. § 185(a).   Further, Section 301 of the LMRA "totally displaces state causes of action related to contracts between employers and labor organizations, as well as other claims the resolution of which depends substantially on the interpretation of a CBA [(a Collective Bargaining

2

Agreement)].  *See Freeman v. Duke Power Co.*, 114 F. App'x 526, 530-31 (4th Cir. 2004) (unpublished) (citing *Davis v. Bell Atlantic–W.V., Inc.,* 110 F.3d 245, 247 (4th Cir.1997)).

The Fourth Circuit applies § 301's preemptive effect to cases involving the interpretation of agreements which supplement an already-existent CBA. In *Davis v. Bell A.-W. Virginia, Inc.*, a case strikingly similar to Moogalian's, a CBA-governed employee's union negotiated a Settlement Agreement with her employer which (1) allowed the employee to remain employed, subject to additional requirements regarding absenteeism, and (2) stipulated that the union would not represent the employee in the event she breached the Settlement Agreement. *See* 110 F.3d at 246 (4th Cir. 1997).  The Fourth Circuit found that the supplemental Settlement Agreement's "entire vitality and legitimacy thus draws on the underlying collective-bargaining agreement," and that the agreement did not "displace but only supplemented the CBA already in place." Accordingly, the Court held that the Settlement Agreement operated only as a "rider" agreement to the underlying CBA; interpretation of the settlement agreement thus invoked § 301 preemption. *See Davis*, 110 F.3d at 248-49.

The Fourth Circuit reaffirmed this line of reasoning seven years later in another case on all squares with Moogalian's. In *Freeman v. Duke Power Co.*, an employee, his union, and his employer entered into a Grievance Resolution[1] to allow the employee to remain employed (1) subject to additional restrictions on his employment and (2) nullifying the union's duty to represent him in the event of the employee's breach. *See Freeman*, 114 F. App'x 526, 529 (4th Cir. 2004).  The Court held that § 301 preempted the plaintiff's state law claims (alleging the employer's breach of the Grievance Resolution Amendment) because the Resolution "depended

---

[1]   Later amended by an "Amended Grievance Resolution" after the employer decided not to enforce the original Grievance Resolution after an alleged violation by the employee.

3

on rights conferred on the employee by the CBA," and thus "would not have existed" without the CBA.[2] *Id.* at 531.

Moogalian's claims, which allege Honeywell's breach of the LCA, are preempted by § 301. The LCA, under the common sense logic of *Davis* and *Freeman*, operates only as a rider to the CBA. Moogalian's complaint demonstrates as much. Moogalian was a Honeywell employee covered by the terms of his union's CBA with Honeywell. The framework of Moogalian's LCA – and the negotiations that created it – clearly relied on the CBA's underlying framework. During the LCA's negotiation and drafting process, Moogalian relied on his union's president (the "plaintiff's *authorized collective bargaining representative*") to represent his interests (Compl. 5.) (emphasis added).

The CBA continued to govern those terms of Moogalian's employment not explicitly amended by the LCA – Moogalian was to remain under "the drug testing requirements as outlined *in the collective bargaining agreement*;" and the LCA expressly noted those particular instances wherein the underlying CBA would *not* apply (e.g., the stipulation that, should Moogalian violate the LCA's terms, the grievance procedures of the CBA would not apply). (Am. Compl. Ex. A.) (emphasis added). Because the LCA simply supplements the CBA, § 301's preemptive effect applies. This Court thus possesses subject matter jurisdiction. *See* 29 U.S.C. § 185(a).

### B. Statute of Limitations

Neither party disputes that a six-month statute of limitations applies in this case. "The Supreme Court holds that a six-month statute of limitations applies to actions under the [LMRA] brought by an employee against his employer for breach of a collective bargaining agreement." *Foy v. Giant Food Inc.*, 298 F.3d 284, 291 (4th Cir. 2002) (citing *DelCostello v. Int'l Bhd. of*

---

[2]   Also noting that a supplemental agreement need not borrow "specific terms" from the underlying CBA for § 301 preemption to apply to claims involving the supplemental agreement's interpretation. *Freeman*, 114 F. App'x at 531.

*Teamsters*, 462 U.S. 151, 171-72, (1983)).  In *Freeman*, as in *Foy*, the Fourth Circuit borrowed the six-month statute of limitations of § 10(b) of the National Labor Relations Act.  *See Freeman*, 114 F. App'x at 533.[3]

Moogalian disputes only the *date* on which the admittedly applicable statute of limitations began to run.  Moogalian's claim alleges that Honeywell breached the LCA by firing him; accordingly, the statute of limitations triggered on the date that Honeywell informed Moogalian that it had terminated his employment for breaches of the LCA: August 24, 2012.[4]  Moogalian filed the instant lawsuit on August 23, 2013, over eleven months later, and some five months too late.  His claims are time-barred.[5]

## IV.  Conclusion

For the reasons stated above, the Court GRANTS the defendant's motion.

It is so ORDERED.

The Court DIRECTS the Clerk to send a copy of this Order to all counsel of record.

Date: April  10 , 2014
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

[3] Specifically, the *Freeman* Court applied the NLRA's six-month statute of limitations where (1) the plaintiff sued the employer and not the union, (2) an interpretation of a rider agreement to the CBA was required, and (3) the plaintiff filed suit just shy of a year after termination – a veritable mirror image of Moogalian's circumstance.  *See generally id.*

[4] A statute of limitations calculation applied, logically, by the *Freeman* Court.  *See id.* at 526.

[5] Moogalian's insistence that the statute of limitations only begins to run upon his *union's* breach of its (CBA-created) duty to represent him is unavailing.  The Fourth Circuit imposes no such requirement in dismissing, on statute of limitations grounds, LMRA suits brought by an employee against only their erstwhile *employer*.  *See, e.g., Freeman*, 114 F. App'x 526; *Davis*, 110 F.3d 245.  This Court will not create one.